## SEPARATION AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

This Separation Agreement and General Release of All Claims ("Agreement") is entered into between ANTONIETTA ZAPPIER, an individual residing at 87 Union Avenue, Harrison, NY 10528 ("Employee"), and Project Veritas, with an address of 1214 West Boston Post Road No. 148, Mamaroneck, New York 10543 ("Employer"), its past and present owners, officers, directors, shareholders, employees, agents, representatives, parent companies, subsidiaries, affiliates, successors, predecessors and assigns (collectively referred to as "Company" or "ProjectVeritas").

WHEREAS, Employee has been employed by Employer;

WHEREAS, Employee and Employer wish to enter into this Agreement regarding this employment relationship, the terms of Employee's separation from employment, and all other terms, conditions and circumstances of employment and separation from employment.

NOW, THEREFORE, in consideration of the mutual covenants made by Employee and Employer, and for other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged by the parties, it is agreed that:

1.  Employee's employment by and with the Company began on September 23, 2019 and has been terminated as of March 30, 2022 ("Separation Date"). Employee shall provide Employer with any and all property of Employer in their possession, including any Confidential Information as defined below and Intellectual Property as defined in the Employment Agreement with Project Veritas dated September 16, 2019, and its amendments, no later than the Separation Date.

2.  Subject to the terms of this Agreement, conditioned upon Employee fully executing this Agreement on or before March 30, 2022, and as consideration for Employee's promises stated herein, Employer will pay to Employee the total gross sum of Seven Thousand Five Hundred ($7,500.00) ("Severance Amount") which is subject to applicable payroll/tax deductions and other withholdings. Employee will receive a lesser net amount after all such payroll/tax deductions and other withholdings are applied. Payment of the Severance Amount will be divided and made in several parts over the course of regular payroll days with May 20, 2022 being the final payment. Employee acknowledges that the Severance Amount would not be paid but-for the release of any and all claims and in consideration of the mutual covenants in this Agreement. As further consideration, upon its receipt of a fully executed copy of this Agreement, Employer agrees not to contest any claim for unemployment insurance made by Employee in connection with their employment with Employer. Employee acknowledges and understands that Employer's agreement to not contest their claim does not guarantee that they ultimately will be eligible for or be otherwise entitled to receive any unemployment insurance benefits.

3.  As of the date of this Agreement, except for the obligations agreed to by the parties herein, Employee acknowledges and agrees that they had been paid all compensation to which they are entitled in connection with their employment with Employer, including wages, accrued vacation/paid time off up to and including the Separation Date. Employee acknowledges and

agrees that this Agreement is entered into to resolve any and all of the Claims set forth below, including, but not limited to, any and all claims for wages or compensation of any type, with all such Claims being disputed in good faith by Employer.

4.  In consideration for the promises and covenants contained in this Agreement, Employee irrevocably and unconditionally releases and discharges Employer and all affiliated and related entities, and their respective agents, officers, directors, shareholders, members, managers, employees, attorneys, insurers, predecessors, successors and assigns ("Released Parties") from any and all claims, liabilities, obligations, promises, causes of action, lawsuits, demands, or actions of any kind or character, known or unknown, suspected or not suspected to exist, anticipated or not, arising from, or related to, any omissions, acts, representations, or facts that have occurred up to and including the date of this Agreement, including, but not limited to, those arising from, or related to, Employee's employment with Employer and their separation from such employment (collectively, "Claims"). Such Claims include, but are not limited to, claims based on the any violation of Employer's policies and/or regulations, or any written or oral agreement between the Employer and Employee; tort and common law claims, including, but not limited to, claims for wrongful or retaliatory termination, constructive discharge, emotional distress, defamation, or false imprisonment; common law or statutory claims seeking recovery of attorney's fees, back pay, front pay, reinstatement, compensatory damages, liquidated damages, punitive damages, restitution, penalties, interest, or other relief; common law or statutory claims based upon employment discrimination or harassment of any kind, including, but not limited to, age; and claims based upon alleged violation(s) of the California Fair Employment and Housing Act, the Unruh Civil Rights Act, the California Family Rights Act, any applicable provision of the California Labor Code, any applicable provision of the California Government Code, any applicable provision of the California Business and Professions Code, any applicable provision of the California Civil Code, the Equal Pay Act of 1963, as amended, the Employment Retirement Income Security Act, as amended, the Family and Medical Leave Act (FMLA), the Fair Labor Standards Act, as amended, the New York State Human Rights Law, the New York City Human Rights Law, New York State Sexual Orientation Non-Discrimination Act, the New York Labor Law, including, but not limited to, Section 740 thereof, the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 1981 and 1983, the U.S., New York and California Constitutions, state and local wage and hour laws, or any other state, federal, or local statutes or laws. The provisions of this paragraph do not release any claims that cannot be released as a matter of law, including, without limitation, worker's compensation and/or unemployment insurance.

5.  The Parties acknowledge and agree that this Agreement does not limit either party's right, where applicable, to file a charge or participate in an investigative proceeding of any federal, state or local agency. To the extent permitted by law, Employee agrees that if such administrative claim is made, they shall not be entitled to any personal recovery, including, but not limited to, any individual monetary relief or other individual remedies, including, but not limited to, back pay, reinstatement, front pay, damages, or attorneys' fees.

6.  Employee understands that this Agreement extends to all claims of every nature and kind, known or unknown, suspected or unsuspected, arising from, or related to, Employee's employment with Employer and/or the above-mentioned matters and disputes. Employee acknowledges that they are aware that after executing this Agreement, they, their agents, successors, heirs or assigns may discover claims or facts in addition to, or different from, those that they

now know of with respect to the subject matter of this Agreement, but it is nonetheless her intention to release all such claims.

7. Employee agrees to keep the terms of this Agreement confidential and will not disclose the existence of, or any information regarding, this Agreement to anyone, except their spouse, registered domestic partner, attorney or tax advisor, or as required by any appropriate taxing or other legal authority or court of competent jurisdiction. By entering into this Agreement, Employee agrees that, except as otherwise required by law, Employee will not, directly or indirectly, participate, cooperate, or assist any person(s) with respect to any claim(s) such person(s) may have or assert against Employer unless required to do so by law. If Employee elects to discuss this confidential information with their spouse, registered domestic partner, attorney or tax advisor, they shall advise such persons that such disclosure is to be treated and maintained as confidential. Any proven violation of this confidentiality provision by such persons shall be considered a breach by Employee.

8. Employee agrees that they shall refrain from making, either orally or in writing, any disparaging statements about the Released Parties. This section will not apply if Employee is required to testify in a legal proceeding between the parties to this Agreement, or in connection with Employee filing of a federal, state, or local agency charge or participating in any federal, state, or local administrative proceeding.

9. This Agreement shall be deemed and construed to have been jointly prepared by each of the parties. Uncertainties or ambiguities, if any, existing in this Agreement shall not be interpreted against the other party.

10. Employee hereby warrants and represents that they are not aware of any work-related injury they suffered during their employment with Employer.

11. Employee acknowledges that in the course of their employment with Employer, they gained and/or became privy to knowledge of certain proprietary and confidential trade secret information of the Employer, including, without limitation, the Employer's business plan, donor and/or prospect lists, donor and/or prospect identities, the business needs and activity of Employer's donors, computer programs, formulas, algorithms, databases, and technology and/or software that Employer uses or plan to use (collectively, "Confidential Information"). As further consideration for Employer entering into this Agreement, Employee acknowledges and agrees that the Confidential Information is material and important and significantly affects the success of Employer's business, and further agrees that they will not disclose any Confidential Information or use for their benefit or the benefit of a third party, or use to Employer's detriment, any Confidential Information. Employee further acknowledges and agrees that the breach of this paragraph will cause Employer to suffer irreparable harm and damage to its business, and that Employer shall be entitled to equitable relief to prevent such a breach. However, Employee agrees that Employer's exercise of its rights under this paragraph shall not preclude it from seeking any monetary relief.

12. Employee acknowledges that they have read this entire Agreement or had it read to them, that it is written in language they understand, and that they possess sufficient education and experience to fully understand the terms of this Agreement. Employee acknowledges that this Agreement has been entered into freely, knowingly, and voluntarily and not as the result of coercion, duress, or undue influence.

13. Employee agrees not to knowingly attempt to procure employment or knowingly seek reinstatement with Employer at any time as an employee. Employee may asked to work for the Employer as an independent contractor, at the sole discretion of the Employer, and subject to Employer extending an offer at its sole discretion. Employee agrees that Employer has no obligation to hire them in the future. Employee agrees that should they become employed by Employer, their employment or services may be terminated at any time, unless otherwise prohibited by applicable law, and that no liability shall result therefrom.

14. This Agreement constitutes the complete understanding between the Parties. The terms of this Agreement are contractual and not a mere recital. The Parties represent to each other that they are not relying on any other agreement or oral representations not fully expressed herein. This Agreement sets forth the entire agreement between Employer and Employee, and all oral discussions and prior agreements, written or oral, that concern the subject matter of this Agreement are merged herein and fully superseded.

15. This Agreement shall be binding on and inure to the benefit of the respective successors and assigns of Employer and Employee and, as applicable, the heirs, agents and representatives of the parties.

16. The parties understand, acknowledge, and agree that this is a voluntary Agreement, and that the furnishing of consideration for this Agreement shall not be deemed or construed at any time, or for any purpose, as an admission by either party, with each party expressly denying liability for any and all claims.

17. If any portion, clause or provision of this Agreement is found to be illegal or unenforceable, the remainder will not be affected by such ruling and shall remain in force. The intent of this Agreement is to provide the broadest possible release of claims in favor of Employer.

18. Employee acknowledges and agrees that they have obtained no tax advice from Employer and that neither Employer nor its employees, officers, directors, agents, representatives, or attorneys, have made any representation as to the tax consequences of the Severance Amount. Employee agrees that they are solely responsible for the payment of all taxes and other related contributions, if any, due as a result of the Severance Amount paid, except for those already paid as indicated in this Agreement, and that they agree to defend (including payment of all related attorney's fees and costs), indemnify, and hold harmless Released Parties against any and all claims which may be asserted by any taxing or other governmental authority against one or all of them for taxes, withholding taxes, employer contributions, penalties, interest, and any other assessment that may be asserted or levied by any tax or other governmental authority arising from, or related to, Employer's payment of the Severance Amount.

19. This Agreement shall be governed by the laws of the State of New York, without giving effect to principles of conflicts of laws. All suits and special proceedings arising out of this Agreement shall be brought in the superior courts of the State of New York.

20. In the event a breach of the Agreement is proven, the non-breaching party may recover, in addition to damages, the reasonable costs and fees, including attorneys' fees/costs, incurred in establishing the breach and securing judicial relief. In the event that the provisions of this Agreement are breached, the non-breaching party may recover damages for the breach without waiving the right to insist on the breaching party's continued fulfillment of all other obligations under this Agreement.

21. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The parties further agree that facsimile, electronic and/or scanned signatures shall be deemed to be as effective and binding as original signatures hereto for all purposes.

*By signing below, you agree to be legally bound by the terms of this Separation Agreement and acknowledge that you have carefully read and completely understand the terms of this Separation Agreement and are signing it knowingly, voluntarily, and without duress, coercion, or undue influence.*

IN WITNESS WHEREOF, the parties below have executed this Separation Agreement and General Release.

Employee: _____
Antonietta Zappier
Date: 3/30/22

Employer: _____
Name: Jere T. Ede
Title: Chief Legal Officer
Date: 3/30/22