

**ABRAMS | FENSTERMAN, LLP**

ATTORNEYS AT LAW

**Brooklyn**
1 MetroTech Center, Suite 1701
, NY 11201
.5300 | **P**

**Manhattan**

<u>Via ECF</u>
Hon. Philip M. Halpern
Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

Application for a pre-motion conference granted. The conference is scheduled for 11/7/2022 at 3:30 p.m. and will be held by telephone. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code 3456831.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
   October 3, 2022

Re:   ***Antonietta Zappier v. Project Veritas and Michael Spadone***,
    <u>Case No. 22-cv-06709; Pre-Motion Letter</u>

Dear Judge Halpern:

We represent Defendant Project Veritas in this action and we write jointly with counsel for Defendant Spadone, pursuant to Rules 2(C) and 4(C)(ii) of Your Honor's Individual Practices, to request a pre-motion conference in preparation for a motion to dismiss the Amended Complaint filed on September 13, 2022, and for related relief.[1]  The bases for the motion are as follows.

**<u>The Amended Complaint Should be Dismissed Based on the *Colorado River* Doctrine.</u>**

The issues in this action are significantly duplicative of an earlier-filed state action initiated by Project Veritas titled *Project Veritas v. Zappier*, Westchester County Index No. 61484/2022 (the "State Action").  Ex. 1.  In the State Action, Project Veritas seeks a declaratory judgment that a Separation Agreement signed by Mrs. Zappier is enforceable, and the release contained in that agreement bars Mrs. Zappier's harassment and discrimination claims.  Both actions involve overlapping factual disputes and the same set of potential witnesses.  If the court in the State Action determines the release is enforceable, this action will be barred by the release.

---

[1]   In compliance with Your Honor's Individual Rule 4(C)(ii), Defendants sent an initial pre-motion letter to Plaintiff's counsel on September 19, 2022, raising the issues that are raised in this letter.  We have not received a response.

Case 7:22-cv-06709-PMH   Document 17   Filed in NYSD on 09/27/2022   Page 2 of 6

These circumstances present the exact situation in which federal courts apply the *Colorado River* Abstention doctrine—to "abstain from exercising jurisdiction when a parallel state-court litigation could result in comprehensive disposition of litigation and abstention would conserve judicial resources." *Lafont v. Phillip*, 2022 WL 2132992, at *2 (E.D.N.Y. June 14, 2022); *Mouchantaf v. Int'l Modeling and Talent Ass'n*, 368 F. Supp. 2d 303, 305-06 (S.D.N.Y. 2005). While courts weigh six factors[2] in determining whether to abstain and dismiss an action, they primarily look to "whether staying or dismissing the federal action will avoid piecemeal litigation." *Lafont*, 2022 WL 2132992, at *2.

Here, abstention would eliminate piecemeal litigation, and continuing with this action would create a risk of inconsistent outcomes.[3]  Mrs. Zappier's claims can be adjudicated in the State Action, and thus, there is no reason to maintain this second, duplicative lawsuit.  In addition, several other factors—convenience, the order of filing, the applicable law, and the fact that Mrs. Zappier asserts claims under both state and federal law—either support abstention or are, at best, neutral.  Under these circumstances, abstention is appropriate.  *Id.*, at *4.

**The Court Should Dismiss this Action Based on the First-Filed Rule.**

The State Action was filed on June 10, 2022, nearly two months before this action was filed.  Ex. 1.  Under the first-filed rule, "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second."  *Pike v. WSNCHS E., Inc.*, 2003 WL 548884, at *2 (S.D.N.Y. Feb. 25, 2003).  The purpose of this rule is to "avoid[] duplicative litigation by adhering to the inherently

---

[2]   The six factors are "(1) assumption of jurisdiction over a res; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights."  *Mouchantaf*, 368 F. Supp. 2d at 306.

[3]   In fact, Mrs. Zappier could have sought to remove the State Action to this Court, but chose not to do so, thus creating unnecessary piecemeal litigation.

fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue." *Id.*

Here, geographical convenience is not a concern since both courts are sitting in the same city—White Plains. There are no other "special circumstances" here, within the meaning of the doctrine, that might justify deviating from the first-filed rule. Specifically, there is no forum-shopping by Project Veritas, nor any other similar consideration, and the Westchester Supreme Court can determine the state and federal claims alleged in this action. Thus, the Court should dismiss this action because the State Action was "first filed," and no prejudice would result from dismissal.

### The Court Should Dismiss this Action Because it is Barred by Mrs. Zappier's Release.

If the Court decides that this case should proceed notwithstanding the earlier-filed State Action, then this case should be dismissed on the merits because Mrs. Zappier's claims are barred by the broad general release in her Separation Agreement. Ex. 2. Mrs. Zappier may argue that her release is void because it did not contain a revocation period pursuant to the Older Workers Benefit Protections Act. That argument is incorrect, because the OWBPA does not apply to Mrs. Zappier's non-ADEA claims. *See, e.g.*, *Tung v. Texaco Inc.*, 150 F.3d 206 (2d Cir. 1998); *In re OCA Interpreters Litigation*, 2013 WL 3733382, at *8 (S.D.N.Y. July 16, 2013); *Rozenfeld v. Dep't of Design & Const. of City of N.Y.*, 875 F. Supp. 2d 189, 199 (E.D.N.Y. 2012); *Branker v. Pfizer, Inc.*, 981 F. Supp. 862, 867 (S.D.N.Y. 1997).

### Many of Mrs. Zappier's Allegations are Outside the Scope of Her EEOC Charge and Must be Dismissed.

Mrs. Zappier's EEOC Charge, filed on or about July 12, 2022, was extraordinarily bare. Ex. 3. It contains only six sentences constituting her claim, and it omits dozens of assertions that she has included in her Amended Complaint. The Charge boils down to two basic theories:

(i) Mrs. Zappier's allegation that she was assaulted on December 17, 2021; and (ii) Mrs. Zappier's allegation that on March 24, 2022, Mr. Spadone requested that Mrs. Zappier "come to his home for the weekend."

Yet the Amended Complaint goes far beyond these two alleged incidents. Many of Mrs. Zappier's allegations in her Amended Complaint were not mentioned anywhere in her EEOC Charge (*See, e.g.*, Amended Complaint ¶¶ 14, 15, 19-21, 27, 30-38 (including subparts), 41-43), nor could they be deemed "reasonably related to [the conduct] alleged" in her Charge, as required by the Second Circuit, because they have nothing to do with the alleged incidents on December 17, 2021 and March 24, 2022. *See Cable v. N.Y.S. Thruway Auth.*, 4 F. Supp. 2d 120, 126 (N.D.N.Y. 1998); *Drummer v. DCI Contracting Corp.*, 772 F. Supp. 821, 827 (S.D.N.Y. 1991).

As a result, the portions of Mrs. Zappier's Amended Complaint that are not reasonably related to her EEOC Charge should be stricken pursuant to Fed. R. Civ. P. 12(f), and any claim based on those allegations dismissed.

**Mrs. Zappier's Fourth and Fifth Causes of Action Should be Dismissed Because they Relate Solely to Post-Employment Conduct.**

Mrs. Zappier's fourth and fifth causes of action argue that the filing of the State Action, which seeks a declaration as to the enforceability of Mrs. Zappier's release, constituted age discrimination as against Mrs. Zappier.

These claims cannot survive because they relate solely to an act that occurred well after the termination of Mrs. Zappier's employment. *See, e.g., Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997). Moreover, a request for a judicial determination as to the enforceability of a disputed agreement cannot constitute actionable retaliation. Thus, these causes of action must be dismissed.

**The Amended Complaint Includes Allegations that are Immaterial, Impertinent, Scandalous, and Time-Barred.**

Certain allegations in the Amended Complaint should be stricken because they do not relate to Mrs. Zappier or her claims in any way; they were included solely to try to prejudice Defendants and to create a salacious narrative for the media. For example (and without limitation), Paragraphs 12, 30, 31, 33, 34, 35, 36, 37, 38 (including subparts) each discuss alleged occurrences that either have nothing to do with Mrs. Zappier at all, or have no bearing on her causes of action. These allegations are therefore "redundant, immaterial, impertinent, or scandalous" and should be stricken. *See* Fed. R. Civ. P. 12(f).

In addition, the Amended Complaint relies on a number of allegations that are time-barred under the 300-day limitations period for Title VII cases and/or the three-year statute of limitations for claims under Section 296 of the New York State Human Rights Law. *See* Amended Complaint ¶¶ 16, 34, 38(e), 38(m), 38(n) (allegations from 2010, 2019, "most of 2020 and until the Fall of 2021" and "early 2021").

**In the Alternative, this Action Should be Stayed Pending Determination of the State Action.**

If the Court determines that this action should not be dismissed, it should exercise its discretion to stay this action pending the determination in the State Action as to the viability of the release, in order to avoid "wasteful duplication of judicial resources . . . ." *See Lafont*, 2022 WL 2132992, at *7.

\*       \*       \*

For each of the foregoing reasons, Defendants respectfully request a pre-motion conference pursuant to Rules 2(C) and 4(C)(ii) of Your Honor's Individual Rules. We thank the Court for its attention to this matter.

Very truly yours,


**ABRAMS FENSTERMAN, LLP**

 */s/ Justin T. Kelton*
Justin T. Kelton
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
Tel: (718) 215-5300 x 501
Email:  jkelton@abramslaw.com
*Attorneys for Defendant*
*Project Veritas*



**GINSBURG & MISK LLP**

 */s/ Christopher Ryan Clarke*
Christopher Ryan Clarke
215-48 Jamaica Avenue
Queens Village, New York 11428
Tel:  (718) 468-0500
Email:  cclarke@gmlawyers.net
*Attorneys for Defendant Spadone*