

Brooklyn
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
718.215.5300 | P
info@abramslaw.com | E

Long Island · Brooklyn · White Plains · Rochester · Albany

December 12, 2022

**Via ECF**
Hon. Philip M. Halpern
Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

      Re: *Zappier v. Project Veritas, et al.*, Case No. 22-cv-06709;
            **Decision In Related State Court Action**

Dear Judge Halpern:

    We represent defendant Project Veritas in this action. We write to provide the Court with the enclosed copy of a recent Decision and Order (the "Decision") issued in the related and first-filed state court action, titled *Project Veritas v. Zappier*, New York State Supreme Court, Westchester County, Index No. 61484/2022 (the "State Action").[1]

    We believe that certain of the issues addressed in the enclosed Decision are relevant to Project Veritas' anticipated motion to dismiss. Therefore, we provide the enclosed Decision ahead of the parties' pre-motion conference in this case, which is scheduled to take place on December 14, 2022 at 10:00 a.m.

    We thank the Court for its attention to this action.

                                                              Very truly yours,

                                                              */s/ Justin T. Kelton*

                                                              Justin T. Kelton

---

[1] In the State Action, Project Veritas seeks, *inter alia*, a declaratory judgment that the Separation Agreement signed by Mrs. Zappier is enforceable, and that the release contained in that agreement bars Mrs. Zappier's harassment other clams.

To commence the statutory time period for appeals as of right [CPLR 5513(a)], you are advised to serve a copy of this order, with notice of entry upon all parties.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------x
PROJECT VERITAS,

                     Plaintiff,

     -against-

ANTONIETTA ZAPPIER and VINCENT ZAPPIER,

                    Defendants.
----------------------------------------x

**DECISION & ORDER**

Index # 61484/2022

Mot. Seq. No. 1

QUINN KOBA, J.

    By Notice of Motion (the "Motion"), defendants move for an order, pursuant to CPLR 3211(a)(1) and CPLR 3211(a)(7), dismissing the complaint against them.

    The following papers were considered in determining the Motion:

| Papers | NYSCEF DOC. No. |
|---|---|
| Notice of motion, affirmation in support, memorandum of law, exhibits A-G | 3-12 |
| Notice of discontinuance | 16 |
| Affirmation in opposition, memorandum of law, exhibits 1-4 | 17-22 |
| Reply memorandum | 23 |
| NYSCEF file | |

Upon the foregoing papers, this motion is determined as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1

In the complaint filed on June 10, 2022, plaintiff alleges: on March 30, 2022, the parties executed a separation agreement pursuant to which the plaintiff agreed to pay the defendant six weeks severance pay, totaling $7500, in exchange for defendant's agreement not to sue or disparage the plaintiff (NYSCEF Doc. No. 5 at ¶¶3, 22-32); on April 6, 2022, defendant's attorney declared the separation agreement void (id. at ¶¶4, 34); plaintiff paid the $7,500 in severance to defendant, who kept it (id. at ¶¶4, 33, 46). After purportedly declaring the separation agreement void, plaintiff alleges defense counsel asserted the defendant had been harassed by one of plaintiff's employees during her employment (id. at ¶¶4, 35, 38-39), and she demanded a severance payment equal to six months salary, which plaintiff agreed to pay despite concluding, after an investigation, that the defendant's alleged harassment claims were unfounded (id. at ¶¶4-5, 40, 48-49). Plaintiff states defendant changed her position again and demanded an even larger severance payment and indicated she had received "encouragement" from others to sue plaintiff (id. at ¶¶5-6, 51-52).

Defendant also allegedly sent text messages to two of plaintiff's employees whom she identified as witnesses to an alleged incident of harassment she claimed to experience at an office holiday party. When the employees denied witnessing the incident, defendant allegedly accused them of "lying 'through [their] teeth'" and demanded that they both "REMEMBER" (NYSCEF Doc. 5 No. at ¶ 55). One morning, defendant's husband, Vincent Zappier, allegedly accosted one of these two employees on his way to the office and insisted the employee was a witness to the incident at the holiday party (id. at ¶¶ 56-78).

The first cause of action set forth in the complaint seeks a declaratory judgment regarding the enforceability of the separation agreement. The second and third causes of action assert claims for breach of contract and unjust enrichment, respectively. The fourth case of action asserts a *prima facie* tort claim against Vincent Zappier based on the incident in which he allegedly harassed one of plaintiff's employees. In the fifth cause of action, plaintiff seeks an injunction prohibiting defendants from contacting plaintiff's employees unless it is for legitimate business purposes.

On August 5, 2022, defendants brought the instant motion to dismiss the complaint under CPLR 3211(a)(1) (defense founded upon documentary evidence) and CPLR 3211(a)(7) (failure to state a cause of action). In support of the motion, defendants submitted a copy of the separation agreement as well as emails and letters regarding the last settlement offer plaintiff made to defendant before

2

bringing this action. With respect to the first two causes of action, defendants contend the entire agreement is void as it does not comply with the Older Workers Benefit Protection Act ("OWBPA").[1] Defendants further argue the plaintiff acknowledged defendant's revocation of the separation agreement with their attempts to offer her higher severance pay under a modified separation agreement. In addition to claiming the plaintiff fails to state a cause of action for unjust enrichment and *prima facie* tort, defendants assert the request for injunctive relief should have been pleaded in the prayer for relief, rather than as a separate cause of action.

Plaintiff does not dispute that the separation agreement does not comply with the OWBPA, but it contends non-compliance with the statute's requirements does not invalidate the entire agreement. Plaintiff also argues the separation agreement is enforceable because defendant ratified the agreement by keeping the $7500 plaintiff paid to her pursuant to the terms of the agreement. Plaintiff further claims that the complaint sufficiently alleges that defendant breached the non-disparagement clause of the separation agreement. Having discontinued the tort claim against Vincent Zappier, plaintiff contends dismissal of this claim is now moot. Plaintiff raised no arguments in opposition to defendants' motion to dismiss the causes of action based on unjust enrichment and the request for an injunction. In support of the motion, plaintiff also submitted copies of the complaints filed in two federal actions defendant brought against plaintiff arising from her employment and termination, which were filed after defendants made the subject motion.

In reply, defendant argues for the first time that this case should be dismissed because issues raised in this case are better addressed by the federal court.

## ANALYSIS

On a motion to dismiss pursuant to CPLR 3211(a)(7), the Court must "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see also Oluwo v Sutton*, 206 AD3d 750 [2d Dept 2022]). "Accepting the allegations as true, [the Court's] sole criterion is whether the pleading states a cause of action, and if from its

---

[1] The OWBPA (104 Stat. 978, 29 USC §§ 626[f]) mandates that separation agreements with employees over the age of 40 include various provisions to ensure their knowing and voluntary waiver of age discrimination claims filed under the Age Discrimination in Employment Act ("AEDA"). Defendant was 61 years old at the time of her termination.

3

four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Polonetsky v Better Homes Depot*, 97 NY2d 46, 54 [2001] [internal quotation marks and citation omitted]; *Godino v Premier Salons, Ltd.*, 140 AD3d 1119 [2d Dept 2016]).

"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Magee-Boyle v Reliastar Life Ins. Co. of New York*, 173 AD3d 1157, 1159-60 [2d Dept 2019]). To qualify as documentary evidence, it must be "unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (*see Delric Construction Co., Inc. v New York City School Construction Authority*, 204 AD3d 750, 751 [2d Dept 2022, *citing Bath & Twenty, LLC v Federal Sav. Bank*, 198 AD3d 855, 855-56 [2d Dept 2021]). Under these standards, contracts may qualify as documentary evidence (*see Delric Construction Co., Inc v New York City School Construction Authority*, 204 AD3d at 751; *Leader v Steinway, Inc.*, 180 AD3d 886, 887-88 [2d Dept 2020]), but letters and emails generally do not (*see Bath & Twenty, LLC v Federal Savings Bank*, 198 AD3d at 856; *Shah v Mitra*, 171 AD3d 971, [2d Dept 2019]).

With respect to the first cause of action, "where a cause of action is sufficient to invoke the court's power to render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy, a motion to dismiss that cause of action should be denied" (*DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC*, 102 AD3d 725, 728 [2d Dept 2013], *quoting Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1150 [2d Dept 2011]). Here, the complaint sufficiently alleges a justiciable controversy: determination of the plaintiff's rights, if any, under the separation agreement (*see, e.g., Friends of Wickers Creek Archeological Site, Inc. v Landing on the Water at Dobbs Ferry*, 198 AD3d 726, 728 [2d Dept 2021]; *M.H. Mandelbaum Orthotic & Prosthetic Servs. Inc. v Werner*, 126 AD3d at 857; *Bergman v East Ramapo Cent. School Dist.*, 122 AD3d 656, 658 [2d Dept 2014]).

Next, the complaint sufficiently alleges the essential elements of a breach of contract claim: the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of her contractual obligations, and damages resulting from the breach (*see Ripa v Petrosyants*, 203 AD3d 768, 768 [2d Dept 2022]; *Friends of Wickers Creek Archeological Site, Inc. v Landing on the Water at Dobbs Ferry Homeowners Association, Inc.*, 198 AD3d 726, 728 [2d Dept 2021]). According to plaintiff's

4

complaint, the parties executed a separation agreement under which plaintiff would pay defendant $7500 in exchange for her promise not to sue or disparage plaintiff. The complaint further alleges that plaintiff fulfilled its obligation when it paid the full $7,500 to defendant, that defendant retained this payment, and that defendant breached the non-disparagement clause by asserting a harassment claim against plaintiff, pressuring plaintiff's employees to support her claim, and discussing the claim with individuals who encouraged her to sue. The complaint also alleges that under the terms of the separation agreement, plaintiff is entitled to damages to be determined at trial, along with attorneys' fees and the costs incurred in establishing the breach and securing judicial relief. Accepting these factual allegations as true, the complaint sufficiently alleges the elements of a breach of contract claim (see, e.g., *Tri-Star Lighting Corp. v Goldstein*, 151 AD3d 1102, 1105 [2d Dept 2017]; *Natural Organics, Inc. v Smith*, 38 AD3d 628, 629 [2d Dept 2007]).

The documentary evidence submitted by defendants fails to utterly refute the facts underlying plaintiff's first two causes of action related to the separation agreement. As an initial matter, only the separation agreement submitted by defendants constitutes documentary evidence within the meaning of CPLR 3211(a)(1) (see, e.g., *Guido v Orange Regional Medical Center*, 102 AD3d 828, 831 [2d Dept 2013]). To be sure, it is undisputed that the separation agreement does not comply with the OWBPA requirements designed to ensure the knowing and voluntary waiver of age discrimination claims under the AEDA. But the agreement's non-compliance with the OWBPA rendered voidable only the release of ADEA claims (see *Oubre v Entergy Operations, Inc.*, 522 US 422, 431 [1998] [Breyer, J., concurring]; see also *Tung v Texaco Inc*, 150 F3d 206, 208-09 [2d Cir 1998]; *Laramee v Jewish Guild for the Blind*, 72 FSupp2d 357 [SDNY 1999]; *Branker v Pfizer, Inc.*, 981 FSupp 862, 867 [SDNY 1997]). Thus, non-compliance with the OWBPA impacted only defendant's release of the AEDA claims, not the validity of the entire separation agreement (see, e.g., *Tung v Texaco Inc*, 150 F3d at 208-09; *Butcher v Gerber Products Co*, 8 FSupp2d 307, 318 [SDNY 1998]).

Further, although defendant's retention of the consideration does not constitute her ratification of the release of AEDA claims (*Oubre v Entergy Operations, Inc.*, 522 U.S. at 427; *Hodge v New York College of Podiatric Medicine*, 157 F3d 164, 165 [2d Cir 1998]), such retention could be construed a ratification of the remaining terms of the separation agreement (see *Tung v Texaco*, 150 F3d at 209; see also *Brown v City of South Burlington, Vt.*, 393 F3d 337, 337, 343-44 [2d Cir 2004] ["In order to avoid a

5

finding of ratification where consideration has been paid, it is essential that the releasor tender back the sum received"]; *Cappelli Enterprises, Inc. v F&J Continental Food Corp.*, 16 AD3d 609, 610-11 [2d Dept 2005])). Given the outstanding and disputed issues of fact relevant to the formation of the agreement, its purported revocation, and whether defendant ratified it by retaining the consideration, it is premature to make a declaration at this stage regarding the enforceability of the agreement (*see Guthart v Nassau County*, 178 AD3d 777, 778-79 [2d Dept 2019]; *Matter of Tilcon N.Y., Inc v Town of Poughkeepsie*, 87 AD3d at 1151).

The Court declines to consider defendant's argument that this case should be dismissed because it involves issues likely to be raised in defendant's lawsuits against plaintiff in federal court. Plaintiff did not have an opportunity to respond to this argument, raised for the first time in reply, before the motion was fully submitted (*Ayers v Bloomberg, L.P.*, 203 Ad3d 872, 872 [2d Dept 2022]; *Grocery Leasing Corp. v P&C Merrick Realty Co., LLC*, 197 AD3d 625, 627 [2d Dept 2021].

In light of the foregoing, the branches of defendants' motion seeking to dismiss the first cause of action seeking a declaratory judgment and the second cause of action for breach of contract are denied.

Absent proof of when the summons and complaint was served on defendants in this case, it is not apparent that the cause of action for *prima facie* tort against Vincent Zappier was timely discontinued under CPLR 3217(a). Accordingly, the court declines to deny defendants' motion to dismiss this cause of action as moot. Rather, based on plaintiff's failure to plead special damages with specificity, an essential element of a *prima facie* tort action, the branch of the defendants' motion to dismiss this cause of action is granted (*see e.g., Mable Assets, LLC v Rachmanov*, 192 AD3d 998, 998 [2d Dept 2021]; *Benjamin v Assad*, 186 AD3d 549 [2d Dept 2020]).

Lastly, based on the failure to oppose the branches of defendants' motion to dismiss the causes of action for unjust enrichment and issuance of an injunction, plaintiff has abandoned the same (*see, e.g., Louie's Seafood Restaurant, LLC v Brown*, 199 AD3d 790, 793 [2d Dept 2021]; *Elam v Ryder Sys. Inc.*, 176 AD3d 675, 676 [2d Dept 2019]). As such, the branches of the motion to dismiss said causes of action is granted. In the alternative, the unjust enrichment claim would qualify for dismissal because it is duplicative of the legally cognizable breach of contract claim (*see, e.g., Scifo v Taibi*, 198 AD3d 704, 706 [2d Dept 2021]). The

6

allegations in the complaint in support of the cause of action for an injunction are insufficient to survive a motion to dismiss (*see, e.g.*, *Murray v Town of N. Castle, N.Y.*, 203 AD3d 150, 177 [2d Dept 2022]).

Accordingly, it is hereby

ORDERED that the Motion is denied in part and granted in part; and it is further

ORDERED that the third, fourth and fifth causes of action contained in the complaint are dismissed; and it is further

ORDERED that within five (5) days of the date of this decision and order, the defendants shall serve a copy of this decision and order with notice of entry; and it is further

ORDERED that any remaining branches of the Motion not expressly addressed herein are without merit and are therefore denied.

The foregoing constitutes the decision and order of this Court.

Dated: White Plains, New York
       November 10, 2022

ENTER:

_____
HON. NANCY QUINN KOBA, J.S.C.

TO: All Counsel VIA NYSCEF

7